279035

***Electronically Filed***
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
Case No. 4:23-CV-35-JHM

JANE DOE PLAINTIFF

v.

WEBSTER COUNTY, KENTUCKY
GREG SAULS
AARON DREWICZ DEFENDANTS

**MEMORANDUM IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT BY DEFENDANTS WEBSTER COUNTY, KENTUCKY AND GREG SAULS**

Come the Defendants, Webster County, Kentucky, and Greg Sauls, by and through counsel, pursuant to Fed. R. Civ. P. 12(e) and L.R.7.1, and for their Memorandum in Support of their Motion for a More Definite Statement state as follows:

## INTRODUCTION

Plaintiff filed her Complaint without identifying herself, but instead through the use of pseudonyms. (DN 1). Counsel for Plaintiff emailed the undersigned the purported name that corresponds to the pseudonym employed in the Complaint, but identification of Plaintiff in private deprives the public of its common law right of access to judicial proceedings and undermines the efficiency of the courts.

## LAW & ARGUMENT

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for a more definite statement must be made by the responding party *before* any responsive pleading is filed. *Id*. The moving party is required to "point out the defects complained of and the details desired." *Id.*

The purpose of Rule 12(e) is to clear up ambiguities within the pleadings; it is not a substitute for discovery. *See Becker v. Clermont County Prosecutor*, 2008 WL 2230178 (S.D.Ohio 2008) ("Motions for a more definite statement are not favored by the courts in light of the availability of pretrial discovery procedures."). A complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). However, "[if] a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

Questions about the identity of a party are the type of issues meant to be addressed by the procedure afforded under Rule 12(e). *See e.g. Robinson v. Genesee County Sheriff's Department*, 2017 WL 1105060 (E.D.Mich) (March 24, 2017) (Unpublished) (courtesy copy attached hereto as **EXHIBIT "A"**). This is likely because there is a "strong presumption in favor of open[ ]" judicial records. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983) ("The concern of Justice Brennan that secrecy eliminates one of the important checks on the integrity of the system applies no differently in a civil setting. In either the civil or the criminal courtroom, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption.").

"Generally, a complaint must state the names of all parties." *Doe v. Harlan Cnty. Sch. Dist.*, 96 F.Supp.2d 667, 670 (E.D.Ky.2000) (citing Fed. R. Civ. P. 10(a); *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). "However, the court may recognize an exception to this rule and permit a plaintiff to proceed pseudonymously." *Harlan Cnty.* at 670 (citing *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y.1996)). "The burden is on the Plaintiff to demonstrate that the need for anonymity substantially outweighs both the presumption that a party's identity is public information and the risk

of unfairness to the opposing party." *Doe v. Dordoni*, No. 1:16-CV-00074, 2016 WL 4522672, at *2 (W.D. Ky. Aug. 29, 2016).

This case is analogous to the issue ruled upon by the Court for the Southern District of New York in *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y.1996), a case cited and relied upon by the U.S. District Court for the Eastern District of Kentucky[1], wherein the plaintiff attempted to anonymously sue the defendants for a purported sexual assault. *Shakur* contains an informative discussion of why Plaintiff in this case is rightfully compelled to disclose her identity.

> It is within a court's discretion to allow a plaintiff to proceed anonymously. [citations omitted]. In exercising its discretion, a court should consider certain factors in determining whether plaintiffs may proceed anonymously. These factors include (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and, (5) whether the party defending against a suit brought under a pseudonym would be prejudiced. [citations omitted]. In considering these and other factors, a court must engage in a balancing process. As the Eleventh Circuit has held,
> The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' **It is the exceptional case in which a plaintiff may proceed under a fictitious name.**

> *Frank*, 951 F.2d at 323 (citing Doe v. Stegall, 653 F.2d 180, 186 (5th Cir.1981)), emphasis added.
>
> The present case is a difficult one. If the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault. Quite understandably, she does not want to be publicly identified and she has very legitimate privacy concerns. On balance, however, these concerns are outweighed by the following considerations.
>
> First, plaintiff has chosen to bring this lawsuit. She has made serious charges and has put her credibility in issue. Fairness requires that she be prepared to stand behind her charges publicly. See *Bell Atlantic*, 162 F.R.D. at 422.
>
> Second, this is a civil suit for damages, where plaintiff is seeking to vindicate primarily her own interests. This is not a criminal case where rape shield laws might provide

[1] See *Harlan County*, cited supra.

> some anonymity to encourage victims to testify to vindicate the public's interest in enforcement of our laws. See *id.* (rape shield laws "apply to situations where the government chooses to prosecute a case, and offer[ ] anonymity to a victim who does not have a choice in or control over the prosecution"). Indeed, the public's interest in bringing defendants to justice for breaking the law—assuming that they did—is being vindicated in the criminal proceedings.
>
> Third, Shakur has been publicly accused. If plaintiff were permitted to prosecute this case anonymously, Shakur would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity. See *Southern Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 713 (Because "the mere filing of a civil action against ... private parties may cause damage to their good names and reputation," "[b]asic fairness" dictates that plaintiffs who publicly accuse defendants in civil suits "must [sue] under their real names."); *Doe v. Hallock*, 119 F.R.D. 640, 644 (S.D.Miss.1987) ("[B]y filing her complaint, the plaintiff has levelled serious charges against the defendants, and has specifically identified them in the complaint.").
>
> Finally, the public has a right of access to the courts. Indeed, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont.1974); accord *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D.Cal.1981); see also *United States v. Amodeo*, 71 F.3d 1044, 1047–49 (2d Cir.1995) (discussing the "presumption of access" in the context of the sealing of documents filed in court).
>
> Other courts faced with a request by a victim of a sexual assault seeking to prosecute a civil case under a pseudonym have also concluded that the plaintiff was not entitled to do so. See *Bell Atlantic*, 162 F.R.D. at 422 (in sexual harassment case against employer and supervisor, plaintiff who was concerned that she might have been infected with the HIV virus as result of an alleged sexual assault by her supervisor was not permitted to proceed under a pseudonym, notwithstanding fears of "intense embarrassment and shame within her community"); *University of Rhode Island*, 1993 WL 667341, at *3 (student who was sexually assaulted allegedly as result of university's negligence not permitted to proceed under pseudonym, despite claims of danger of personal embarrassment and ridicule). See also *Hallock*, 119 F.R.D. at 641–42 (in Title VII action, plaintiff who alleged sexual harassment and also asserted state law claims of assault and battery was not permitted to proceed under a pseudonym).

*Doe v. Shakur*, 164 F.R.D. 359, 360-362 (S.D.N.Y.1996) (emphasis added).

Plaintiff filed her Complaint on March 10, 2023. (DN 1). Defendants Greg Sauls and Webster County were served on April 17 and 19, 2023, respectively. (DN 6-2, 6-3). The Complaint is one to which a responsive pleading is allowed and none have yet been filed by these Defendants. Fed. R. Civ. P. 12(e). Defendants' instant Motion is therefore proper and timely. *Id.*

Plaintiff has brought this action not in her own name, but through the use of a pseudonyms. (DN 1). Her failure to publicly disclose her identity precludes Defendants from being able to fully respond to the allegations made against them in the Complaint. *Robinson, supra* at *1-2.

The applicable factors do not weigh in favor of permitting Plaintiff to proceed anonymously. *Harlan Cnty*. at 670; *Shakur* at 361-362. First, while Plaintiff is seeking redress for allegations of wrongs perpetrated under color of law, Plaintiff also sues individual defendants in this matter and therefore does not solely seek to challenge government action. *Harlan Cnty*. at 670. "[C]ourts are generally less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity 'seeking to have a law or regulation declared invalid.'" *K.G. Board of Educ. of Woodford Cnty.*, No. 5:18-CV-555, 2019 WL 4467638, at *3 (E.D. Ky. Sept. 18, 2019) (quoting *Doe v. Univ. of Pittsburgh*, No. 1:17-CV-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018)). Should Plaintiff be permitted to proceed pseudonymously, the individual Defendants "would be required to defend [themselves] publicly while plaintiff could make her accusations behind a cloak of anonymity." See *Southern Methodist Univ. Ass'n of Women Law Students*, 599 F.2d at 713. Because the mere filing of a civil action against Jailer Sauls may cause damage to his name and reputation, "'[b]asic fairness" dictates that plaintiffs who publicly accuse defendants in civil suits 'must [sue] under their real names.'"); *Id.* See also *Doe*, 119 F.R.D. at 644. Defendants, particularly the named individuals, would be placed at a significant disadvantage. Therefore, this reputational concern disfavors pseudonymity.

Second, and most importantly, there is no concern about the protection of a minor in this case and the factors at issue simply do not weigh in favor of permitting Plaintiff to publicly make these serious allegations against Defendants behind the cloak of anonymity. *Id*. In fact, the overwhelming majority of the cases that permit parties to proceed anonymously concern the identity and protection of individuals below the age of majority. *Porter, supra* at 560-561; *Harlan Cnty*. at 670*; Stegall* at

185-186*; C.S. on behalf of A.R. v. Elder*, WL 10698756 at *1-2 (W.D. Tenn.) (April 8, 2009) (slip op.); *Doe v. Santa Fe Indep. Sch. Dist*., 933 F.Supp. 647, 651–52 (S.D. Tex.1996) (refusing to protect the identities of adult plaintiffs "who are simply not as vulnerable as schoolchildren to social and physical intimidation or violence centered around events at public schools"). Here, Plaintiff is of the age of majority and so the protection of a minor child is not at issue herein.

Third, Plaintiff has not disclosed that she will be compelled to disclose an intention to violate the law. Fourth, because Plaintiff chose to bring this civil suit for monetary damages unique to her, and she is publicly accusing Defendants of misconduct, the public has a right of access to the truth. *Shakur* at 361-362.

Fourth, it is insufficient that Plaintiff claims to be the victim of a sexual assault or harassment. "[W]here a motion to proceed anonymously has been granted, courts have generally found further purpose for protecting the plaintiff's identity" beyond an allegation of sexual assault or harassment. *KRB v. Elizabethtown Independent School District*¸ No. 3:17-CV-00605-GNS, 2017 WL 11483915 (W.D. Ky. Dec. 7, 2017) (courtesy copy attached hereto as **EXHIBIT "B"**) (internal citations omitted). In this case, no other factors weigh in favor of Plaintiff proceeding pseudonymously.

Finally, Plaintiff's counsel's provision of Plaintiff's name to the undersigned by private email is not sufficient:

> [I]t must be noted that "the broad 'principle that judicial proceedings, civil as well as criminal, are to be conducted in public' serves many other public ends," *Doe v. Univ. of Louisville*, No. 3:17-cv-638-RGJ, 2018 WL 3313019, at *3 (W.D. Ky. July 5, 2018) (quoting *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011)). For example, beyond "informing defendants of a plaintiff's identity," requiring parties to be named allows citizens to know who is using the court system. *Id.* (citations omitted). Moreover, "[a]nonymous litigation also deprives the public of its common law right of access to judicial proceedings and undermines the efficiency of the courts by impeding the application of res judicata and collateral estoppel." *Id.* (citations omitted).

*Doe v. Kentucky Community & Technical College System*, Civ. Action No. 20-6-DLB, 2020 WL 495513 (Jan. 30, 2020). As this Court has previously held, "The concealment of a party's name

impedes public access to the facts of the case, which include the party's identity." *KRB v. Elizabethtown Independent School District*¸ No. 3:17-CV-00605-GNS, 2017 WL 11483915 (W.D. Ky. Dec. 7, 2017). The presumption of open judicial proceedings disfavors pseudonymity, and Plaintiff should be compelled to identify herself so that Defendants can respond to the Complaint, and the interests of justice may be served. *Fed.R.Civ.P.*12(e).

For the foregoing reasons, Webster County, Kentucky and Greg Sauls respectfully move this Court for entry of the Order filed in conjunction with this Motion, granting their Motion for a More Definite Statement and requiring Plaintiff to amend her Complaint to include her full legal name.

Respectfully submitted,

KEULER, KELLY, HUTCHINS,
BLANKENSHIP & SIGLER, LLP
100 South 4th Street, Suite 400
Paducah, KY 42001
Phone: (270) 448-8888
Fax: (270) 448-0998
kworak@kkhblaw.com
sblankenship@kkhblaw.com

By: /s/ Kristen N. Worak
Stacey A. Blankenship
Kristen N. Worak

ATTORNEYS FOR DEFENDANTS
WEBSTER COUNTY AND GREG SAULS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send electronic notice to the following:

JAMES E. STOLTZ
ATTORNEY AT LAW
519 MAIN STREET
EVANSVILLE, INDIANA 47708
jim@gerlinglaw.com
*Attorneys for Plaintiff*

CAROL SCHURECK PETITT
VAUGHN PETITT LEGAL GROUP, PLLC
7500 WEST HIGHWAY 146
PEWEE VALLEY, KENTUCKY 40056
Email: cpetitt@vplegalgroup.com
*Attorneys for Aaron Drewicz*

By: /s/ Kristen N. Worak
Kristen N. Worak